IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**ABDUL AYAT MOHAMMED BEY,** )
)
        Plaintiff, )
)
   vs. ) 2:11cv1410
) Electronic Filing
)
**GREYHOUND CUSTOMER SERVICE** )
**DEPARTMENT FEMALE and CITY** )
**OF PITTSBURGH POLICE** )
**DEPARTMENT,** )
)
        Defendants. )

## MEMORANDUM OPINION

Abdul Ayat Mohammed Bey ("plaintiff") commenced this proceeding by filing a motion to proceed in forma pauperis and attaching to it a "complaint" claiming that an unnamed employee of Greyhound caused him to miss a bus from Pittsburgh to Chicago for which he had bought a ticket. See generally Complaint (Doc. No. 1-1). Plaintiff claims that he was waiting in line to ask the unnamed customer service agent a question about his bus when several other passengers entered the room with similar questions. Id. at 2-3. When the customer service agent addressed one of the other people first, plaintiff objected. Id. at 3. The disagreement escalated to the point where the agent called the police, who escorted plaintiff off the premises, causing him to miss his bus. Id. at 3-4. The remainder of the complaint appears to be devoted to recounted observations purporting to reflect racism, incoherent political rants, and other irrelevant remarks. Id. at 3-6.

Plaintiff asserts federal jurisdiction based on the Hatch Act, 5 U.S.C. § 1501 *et seq.*, and further accuses the customer service agent of harassment and "corrupt business practices" in violation of "the Rules and Regulations of the [Federal Trade Commission] and [Federal Communications Commission]" through use of "the Telecommunication wires to promote and perpetuate . . . corruption and discrimination[]." Id. at 7. Although plaintiff explains that he is a Muslim of Moorish descent, he does not attempt to connect his nationality or religion to any of his accusations. Id. at 1.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[2] Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court finds plaintiff to be without sufficient funds to pay the required filing fee. (See Doc. No. 1). Thus, he will be granted leave to proceed in forma pauperis.

In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. Id. at 327. An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional. Id. In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a

---

[2] This provision is now codified at §1915(e)(2)(B)(i).

2

claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

A review of plaintiff's "complaint" reveals that it fails to state a claim upon which relief can be granted. As an initial matter, plaintiff has failed to cite any federal statutory provision or constitutional amendment that might form the basis for federal jurisdiction over his claim. See Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the Court's jurisdiction"). The only federal statute referenced in the complaint, the Hatch Act, is not privately actionable. See, e.g., Brooks v. Nacrelli, 331 F. Supp. 1350, 1354 (E.D. Pa. 1971), aff'd, 473 F.2d 955 (3d Cir. 1973) (holding that the Hatch Act's provisions are enforced exclusively by the government). The remainder of the complaint is incoherent and fanciful.

For the reasons set forth above, this action will be dismissed for failure to state a claim upon which relief can be granted and as otherwise frivolous. Given the nature of these pleadings, the Court finds that they are incapable of being cured by amendment. See Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order will follow.

Date: February 24, 2015

    s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:    Abdul Ayat Mohammed Bey
       General Delivery
       Brentwood Post Office
       Washington, DC 20090